[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

No. 09-14542
Non-Argument Calendar

_____

D. C. Docket No. 09-60061-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMAN STANLEY,

Defendant-Appellant.

_____

No. 09-14551
Non-Argument Calendar

_____

D. C. Docket No. 09-60061-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTTY BORDEN,

Defendant-Appellant.

_____

No. 09-14631
Non-Argument Calendar
_____

D. C. Docket No. 09-60061-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELINDA LORAY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 28, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Desman Stanley, Scotty Borden, and Melinda Loray appeal their sentences

for crimes committed in a conspiracy to commit bank fraud. Stanley, Borden, and

Loray challenge the enhancement of their sentence for victims who were

reimbursed for their losses. See United States Sentencing Guideline § 2B1.1(b)(2)

(Nov. 2008). We affirm.

Stanley, Borden, Loray, and seven codefendants were indicted for their crimes related to the conspiracy. Stanley was charged with and later pleaded guilty to two crimes: conspiracy to commit bank fraud, 18 U.S.C. § 1349; and bank fraud, id. § 1344. Borden was charged with two crimes, but he later pleaded guilty to conspiracy to commit bank fraud, id. § 1349. Loray was charged with and pleaded guilty to three crimes: conspiracy to commit bank fraud, id. § 1349; bank fraud, id. § 1344; and receipt of stolen mail, id. § 1708.

The presentence investigation reports increased the base offense levels for Stanley, Borden, and Loray based on the number of victims they had defrauded. Stanley's and Loray's presentence reports increased their base offense levels by four points because they had defrauded more than 50 victims, U.S.S.G. § 2B1.1(b)(2)(B). Borden's report increased his base offense level by two points because he had defrauded more than ten victims, id. § 2B1.1(b)(2)(A)(i).

Stanley and Loray objected to the four-level enhancement, but Borden did not object to his two-level enhancement. Stanley and Loray argued that the report erroneously included as victims those individuals and businesses who had been reimbursed by their banks. The district court applied the enhancements and sentenced Stanley to 57 months of imprisonment, Borden to 27 months of imprisonment, and Loray to 72 months of imprisonment.

Stanley, Borden, and Loray argue that the district court erred by classifying as victims of the conspiracy those persons and businesses that were reimbursed for their losses, but they acknowledge that their arguments are foreclosed by our decision in United States v. Lee, 427 F.3d 881, 895 (11th Cir. 2005). Stanley and Borden ask this Court to revisit Lee, but "[w]e may disregard the holding of a prior opinion only where that 'holding is overruled by the Court sitting en banc or by the Supreme Court.'" United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) (quoting Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)). The district court did not err, much less plainly err, by enhancing the sentences of Stanley, Borden, and Loray.

We **AFFIRM** the sentences of Stanley, Borden, and Loray.